The State, ex rel. Flagg, Appellee, *v.* City of Bedford et al., Appellants.

[Cite as State, ex rel. Flagg, v. City of Bedford, 7 Ohio St. 2d 45.]

(No. 39770—Decided June 29, 1966.)

47

*Mr. Irwin B. Fried,* for appellee.
*Mr. Louis H. Orkin,* director of law, for appellants.

SCHNEIDER, J.   This case cannot serve precisely to chart the shoals of private gifts and benefits from which the legislative authority of a municipal corporation must steer clear in the course of appropriating public funds.   This is so for the reason that we cannot, *as a matter of law,* say on the record before us that the council of Bedford could not reasonably have had a public purpose in adopting the resolution under attack.

If the mayor is granted final judgment in his favor in the libel and slander action, Bedford will be exonerated from its potential vicarious liability for any injury caused by its mayor. 32 Ohio Jurisprudence 2d 91, Judgments, Section 332; 57 Corpus Juris Secundum 422, Master and Servant, Section 619; 92 A. L. R. 2d 33.   It will not be faced in the future with a claim based on the doctrine of *respondeat superior.*

Whether this would be a legal or moral obligation would, in turn, depend upon the uncertain shifts in the application of the doctrine of governmental immunity.   See *Hack* v. *City of Salem,* 174 Ohio St. 383.   In either event, a consideration of the claim itself would be a proper public function of council, and it could be satisfied as a moral obligation.   *State, ex rel. Caton,* v. *Anderson,* 159 Ohio St. 159.

Similarly, council has a legitimate interest in any judgment obtained by the plaintiff in the libel action.   This court follows

48

the rule that until the injured party receives full satisfaction, he may sue either the servant, who is primarily liable, or the master, who is secondarily liable, and a mere judgment obtained against the former is not a bar to an action or judgment against the latter. *Losito* v. *Kruse*, 136 Ohio St. 183.

Additionally, there is well-reasoned authority for the rule that the amount of the judgment in favor of plaintiff in the libel suit fixes the maximum limit of the potential liability of Bedford. 50 Corpus Juris Secundum 279, Judgments, Section 757, note 27.

On the other hand, whether a servant's libel or slander, or both, is within the scope of his employment is a question for the trier of the facts, under the usual tests. 36 Ohio Jurisprudence 2d 404 *et seq.*, Master and Servant, Section 434 *et seq.*; 57 Corpus Juris Secundum 411, Master and Servant, Section 617.

For a court to answer that question as a matter of law in a taxpayer's action would be premature. It would require adopting the view of the Court of Appeals that the mayor's authority and privilege to speak out on public business are confined to the four walls of the council chambers and then only in a duly convened meeting.

The office of the mayor of Bedford, under its charter, is conferred upon the one councilman elected at large in that city. In addition to floor and voting privileges, he presides over council, is an ex-officio member of all elected and appointed boards and commissions of the city, has the duties of a statutory mayor (not inconsistent with the provisions of the charter), enjoys the right to demand written information from all directors and department heads of the administration, and is the chief magistrate and ceremonial head of the city. He has more specifically enumerated powers over the affairs of Bedford than our Chief Justice has over this court.

In the absence of any evidence of willful conduct on his part, to conclude that, in the role of spokesman for Bedford's council or its administration or both, he was acting *ultra vires* of any public purpose merely because that role is not specifically assigned to him in the charter or by ordinance, is unrealistic. Granting that he assumed that role voluntarily, if he

had not, it would have been thrust upon him involuntarily, sooner or later, as it is on every presiding officer of every public body.

Moreover, the evidence in the record before us does not support the finding of the trial court that the action against the mayor was predicated on an act not arising "out of any official act in his capacity as councilman and mayor." Indeed, that finding is affirmatively refuted by the newspaper article and was as inappropriate in this action as it might be required in a libel action against the city, particularly in the absence of any evidence in this case of the pleadings, record or other proceedings in the libel action.

The judgment of the Court of Appeals is reversed, and final judgment is rendered in favor of appellants.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and BROWN, JJ., concur.