DECISION AND JOURNAL ENTRY
Appellants,[1] Richard Bosley, Michael Dussel, Matthew Eichenlaub, and Phillip Hammons, have appealed from an order to the Lorain County Court of Common Pleas granting judgment in favor of Appellees, the Elyria Civil Service Commission; Timothy Coey, Safety Service Director of the City of Elyria; and the City of Elyria. We affirm.
On October 1, 1998, Appellants filed a complaint against Appellees alleging that Appellees unlawfully utilized an oral examination for the purpose of certifying eligible candidates to be promoted to the position of sergeant in the Elyria Police Department. Appellants sought to have the court declare the oral portion of the test invalid[2] and the written portion of the examination to be the police promotional examination. Appellants further sought an order from the court mandating that Appellees certify the eligibility list based upon the results of the written portion of the exam. Finally, Appellants sought to enjoin Appellees from taking any action on certifying the original list for promotion or from conducting further testing for the position of sergeant in the Elyria Police Department. On October 19, 1998, Appellants sought leave to file an amended complaint for declaratory judgment, writ of mandamus, and injunctive relief.[3] In the amended complaint, Appellants additionally alleged that the examination was unlawful because the candidates were not made aware of the manner in which the oral examination would be conducted until two days prior to the examination. Following a bench trial, the court entered judgment in favor of Appellees. Appellants timely appealed and have raised three assignments of error for review. The assignments of error will be addressed concurrently for ease of review.
ASSIGNMENT OF ERROR I
 The trial court erred as a matter of law when it found that the assessment center portion of [A]ppellees' sergeants promotional exam was not invalidated by [A]ppellees' failure to maintain any records of [A]ppellants' performance including [A]ppellees' failure to keep [A]ppellants' evaluation forms and test scores.
ASSIGNMENT OF ERROR II
 The trial court erred as a matter of law when it found that the assessment center portion of [A]ppellees' sergeants promotional exam was not invalidated by [A]ppellees' failure to provide [A]ppellants with preparatory material prior to conduct of the exam and by [A]ppellees' failure to use the assessment center for the sole purpose of rank prioritization.
ASSIGNMENT OF ERROR III
 The trial court erred as a matter of law when it found that the assessment center portion of [A]ppellees' sergeants promotional exam was not invalidated by [A]ppellees' failure to establish measures and standards which were sufficiently objective and capable of being challenged and reviewed by other examiners.
In all three assignments of error, Appellants have alleged that the trial court erred by failing to invalidate the oral examination portion of the exam due to the manner in which it was conducted and utilized as a means of examining the participants for the purpose of promotion. Specifically, Appellants allege that the exam should have been invalidated because (1) objective measures and standards were not established for the oral examination; (2) the oral examination was used for the purposes of determining the passage of the exam and not for the purpose of merely ranking the candidates; (3) preparatory materials were not provided prior to the oral examination or were provided in insufficient time to allow for proper preparation; and (4) the notes of the examiners were not maintained and made available to the participants for review. Appellants' assignments of error lack merit as they fail to show that the trial court abused its discretion.
Pursuant to R.C. 2731.01, a mandamus is defined as:
 a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station.
 Mandamus shall be granted only where it can be shown (1) that the plaintiff has a clear legal right to the relief sought and (2) the defendant has breached a clear legal duty. See State ex rel. Van Harlington v. Bd. of Edn. of Mad River Twp. Rural School Dist. (1922), 104 Ohio St. 360, 362.
When reviewing a denial of a request for a writ of mandamus, this court must decide whether the trial court exercised sound, legal and judicial discretion in deciding to deny the writ of mandamus. A reviewing court will not substitute its judgment for that of the trial court, nor reverse the trial court's determination, save for an abuse of discretion. In order to establish an abuse of discretion, Appellants must demonstrate that the trial court acted arbitrarily, unconscionably or unreasonably.Calderon v. Sharkey (1982), 70 Ohio St.2d 218, 219-20.
In their third assignment of error, Appellants have challenged the manner of testing through the use of an oral examination and the means in which the oral examination was established. Specifically, Appellants have alleged that the Civil Service Commission failed to establish objective standards and criteria for the administration of the oral examination which would make it capable of being reviewed and challenged by other examiners.
The manner in which the exam was conducted was in accordance with the standards set forth in law. Pursuant to R.C. 124.44, promotions in the police department above the rank of patrolman shall be filled by competitive promotional exam. Examinations may be "written, oral, physical, demonstration of skill, or an evaluation of training and experiences and shall be designed to fairly test the relative capacity of the persons examined to discharge the particular duties of the position for which appointment is sought." R.C. 124.23. If minimum or maximum requirements are established for an examination, they are to be set forth in the examination notification. Id.
On April 30, 1998, the Civil Service Commission published notification of a promotional sergeant's examination to take place on July 8, 1998. As set forth in the notification, the exam was to be both a written and oral evaluation of the candidates' abilities. A score of 70% or better was required to pass the written portion of the examination, and the score on this portion would comprise 55% of the total score. For those individuals who passed the written portion of the examination, an oral examination was to be given. A score of 70% or better was also required on the oral examination, with this portion of the exam to comprise 45% of the total score.
On July 31, 1998, the Civil Service Commission contracted with the Ohio Association of Chiefs of Police ("OACP"), an entity with substantial experience in the creation and administration of oral examinations through assessment centers, to conduct the oral examination for those individuals who had passed the written portion of the sergeant's exam. After an evaluation of the Elyria Police Department and a review of the duties of sergeant within that organization, the OACP designed a three-part assessment to be used to test the candidates' abilities. Specific exercises were included to test the candidates' abilities in realistic settings utilizing skills required for the position of sergeant.
Appellants acknowledge that all proper notifications were given for the exam and the minimum score for passing was published as required. Appellants have not contended that the aforementioned criteria were not followed, but have instead alleged that, in addition to that set forth above, State ex rel.Delph v. Greenfield (1991), 71 Ohio App.3d 251, requires the Civil Service Commission to conduct an examination that conforms to "`measures and standards which are sufficiently objective to be capable of being challenged and reviewed by other examiners of equal ability and experience.'"[4] Id. at 262 quoting Black's Law Dictionary (5 Ed. 1979) 257. In support of their argument that this criteria was not established or followed, Appellants have pointed to testimony given at trial that to some extent all oral examinations will be subjective as the examiners are guided in their grading procedures by their experience and personal history. In light of this, they have alleged that the oral examination did not conform to the standards set forth in Delph
and thus was invalid.
While Appellants seek to invalidate the use of the oral examination as a basis for promotion, as stated above, oral examinations are expressly permitted by law. In addition, Appellants have misinterpreted the holding of Delph. State exrel. Delph v. Greenfield deals with a determination as to whether one individual has been given an unfair advantage on the examination over his fellow candidates. It does not set forth an additional standard for examinations to comply with in order to be considered a valid examination. Therefore, the Civil Service Commission was not required to structure the oral examination to be wholly objective or subject to the standards enunciated inDelph. Since the Civil Service Commission did not have a duty to structure the oral examination as propounded by Appellants, the trial court did not err in denying the writ of mandamus invalidating the exam on that basis.
In their second assignment of error, Appellants have argued that the oral examination was improperly utilized to determine passage of the examination and was not used solely for the purposes of ranking the candidates. In support of their argument, Appellants have pointed to the fact that several individuals testified that they had in the past utilized the oral portion for the sole purpose of ranking the candidates and had not used it for the purpose of determining a passing score. Additionally, Appellants have pointed out that this was the only time the oral examination was utilized in this manner and in subsequent examinations the Civil Service Commission resorted to using the oral examination for rank prioritization. However, regardless of what was done in the past or what was subsequently done by the Civil Service Commission, Appellants have failed to indicate a clear legal duty on the part of the Civil Service Commission to utilize the oral examination for the sole purpose of rank prioritization. As established previously, all the candidates were notified of the means in which this portion of the exam would be utilized and all Appellants understood that this was a departure from past practices. Therefore, Appellants have failed to indicate why the exam results should have been invalidated on this basis. As there was no clear legal duty breached, the trial court properly denied the mandamus request on this basis.
In the second part of Appellants second assignment of error, Appellants have alleged that the test was invalid because they were not provided with preparatory materials prior to the conduction of the exam. Pursuant to R.C. 124.23, participants are to be given "[r]easonable notice of the time, place, and general scope of [the] competitive examination."
Five individuals, including Appellants herein, passed the written portion of the examination and were notified as to the time and place of the oral examination. On August 4, 1998, written materials were provided to the candidates. Appellants all testified that they received and reviewed the materials provided to them with regard to the manner in which the oral examination was to be conducted. At some point, the lead assessor also provided Mary Carr, the Civil Service Commission's executive secretary, the names of two textbooks that gave general information about these types of oral examinations. The names of these textbooks were not forwarded to any of the candidates.
Pursuant to statute, materials outlining the scope of the oral examination were provided to Appellants in sufficient time to permit each of them the opportunity to prepare. Appellees were only required to give Appellants information regarding the general scope of the promotional examination. Through the materials provided to the candidates, they have fulfilled this obligation. Appellants have failed to indicate what additional duty required the Civil Service Commission to provide the names of the two textbooks to the candidates. As there was no duty to provide such material to the candidates, the writ of mandamus invalidating the exam results on this basis was properly denied.
Finally, Appellants have argued in their first assignment of error that the oral examination portion of the test was invalid because the notes of the examiners were destroyed following the tabulation of the scores. Pursuant to Lynch v. Tiffenbach (1984),14 Ohio App.3d 174, 176 "[t]here are no constitutional, statutory, or judicial requirements that oral examinations be on the record." Thus, there is no requirement that the OACP be required to make or maintain any record of the examination. Appellants have urged this court to impose such a duty upon the Civil Service Commission as an extension of Ohio Adm. Code 123:1-9-01(E) which permits a competitor the right to review his or her own papers to learn the markings given on a particular subject or question. However, in this case, the papers the appellants seek to review are the personal notes of the examiners and are not the work product of any of the test candidates. Nothing within Ohio Adm. Code123:1-9-01(E) grants Appellants the right to inspect the work product or thought processes of the examiners. Since there was no clear right to inspect these papers, there is no duty incumbent upon the Civil Service Commission to maintain this documentation. Therefore, the court did not err in refusing to invalidate the exam scores based upon this occurrence.
Appellants' assignments of error are without merit and are overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
 ___________________________ LYNN C. SLABY
FOR THE COURT WHITMORE, J., CONCURS. CARR, J. DISSENTS.
[1] Richard Bosley, Michael Dussel, Matthew Eichenlaub, and Phillip Hammons were all parties to the underlying case. However, in the Appellants' brief, only Richard Bosley and Matthew Eichenlaub are referenced as appellants. The notice of appeal is unclear as to exactly which individuals are included as appellants. This court's analysis is applicable to all four individuals and thus this court will not distinguish between the gentlemen.
[2] Appellants have referenced the oral portion of the examination as an assessment center, an oral examination, and as an oral assessment. For the sake of clarity, the oral portion of the examination will be referred to as the oral examination throughout the opinion. The entire promotional exam including both the written and oral portions will be referred to as the exam.
[3] While Appellants sought declaratory judgment, an injunction, and the issuance of a writ of mandamus in their complaint, on appeal, Appellants deal solely with the issue of whether the writ of mandamus was properly denied. The legal concepts of declaratory judgment and injunction are mentioned in the appeal only to the extent that they impact upon the propriety of a mandamus action. As this court concludes that a mandamus action may properly be brought under this set of facts, we will restrict our review to the question of whether the writ of mandamus was properly denied by the trial court.
[4] While this court acknowledges that this statement is made in Delph, the portion of the opinion in which this statement can be found is dicta relating to an assignment of error wholly different from that raised in this case. Additionally, it should be noted that Delph emanates from the Highland County Court of Appeals and thus is not binding upon this court.