OPINION
Defendant-Appellant, Murray, Murphy, Moul, and Basil, LLP ("Appellant"), appeal from a judgment by the Lima Municipal Court awarding Plaintiff-Appellee, Alloway Testing ("Alloway"), $1,600 for the costs of producing documents in compliance with a federal subpoena. Because trial courts have a mandatory duty to issue findings of fact and conclusions of law upon a timely request and failure to do so prevents an otherwise final judgment from becoming final for purposes of App.R. 4 until the findings of fact and conclusions of law are filed by the trial court, this court is without jurisdiction to reach the merits of Appellant's claims.
Facts and procedural history leading to this appeal are as follows. In conjunction with pending federal litigation to which Alloway was not a party, Appellant served Alloway with a federal subpoena to produce information relating to environmental testing. Alloway complied in full with the subpoena. Thereafter, without requesting the federal court to order reimbursement costs for its compliance with the subpoena, Alloway billed Appellant $1,600 for costs of retrieving and copying the subpoenaed information.
After Appellants denied Alloway's request for reimbursement, Alloway filed the instant claim in the Lima Municipal Court, seeking the billed amount. A hearing was held before a magistrate on October 15, 2001. At the conclusion of the hearing, the magistrate requested that the parties submit additional caselaw in support of their respective positions by October 30, 2001, and also stated that his findings of fact and conclusions of law would be forthcoming. After reviewing the evidence and the parties' post trial briefs, the magistrate issued a general decision on November 6, 2001, which summarily granted Alloway $1,600 in reimbursement costs and inadvertently stated that he had given the parties until October 30, 2001 to file their respective findings of fact and conclusions of law.
Based upon Appellant's correct belief that findings of fact and conclusions of law had not been requested by the magistrate at the hearing, on November 8, 2001, Appellant filed a timely request for findings of fact and conclusions law pursuant to Civ.R. 52. Thereafter, without opportunity to review a transcript of the hearing before the magistrate to determine conclusively whether the magistrate had requested submission of findings of fact and conclusions of law and seemingly in an effort to ensure its right to appeal due to the magistrate's statements in his decision concerning findings of fact and conclusions of law, Appellant filed objections to the magistrate's decision on November 16, 2001.
In a December 6, 2001 journal entry, the trial court concurred with the magistrate's decision, again summarily granting Alloway's claim. Moreover, the trial court found that although Appellant had requested findings of fact and conclusions of law, the same were rescinded upon Appellant's filing objections to the magistrate's decision. From this decision, Appellant appeals, asserting four assignments of error for our review; however, for the following reasons we find that this court is without jurisdiction to reach the merits of Appellant's claims.
Civ.R. 52 provides:
 "When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law."
This rule confers a substantial right, is mandatory, and is not a matter within the trial court's discretion[1] in any situation where questions of fact are tried by the court without intervention of a jury, as in this case.[2] The Ohio Supreme Court has maintained that "[f]indings of fact and conclusions of law are required because * * * when a judgment is rendered in general terms a reviewing court is not sure whether the case was decided * * * upon the erroneous application of legal principles."[3] In other words, they are necessary to prosecute an appeal and for effective appellate review.[4] For these reasons, among others, a timely motion for separate findings of fact and conclusions of law under Civ.R. 52 prevents an otherwise final judgment from becoming final for purposes of App.R. 4 until the findings of fact and conclusions of law are filed by the trial court.[5] Based upon the facts of this case, we find that Appellant made a proper request for findings of fact and conclusions of law, which the court failed to produce. Consequently, there has yet to be a final appealable order from the trial court herein, and this court is without jurisdiction to reach the merits of Appellant's appeal; therefore, it must be dismissed.
Appeal dismissed.
SHAW, P.J. and HADLEY, J., concur.
[1] In re: Fouras (Apr. 5, 2000), Licking App. Nos. 99CA52, 99CA53,99CA55, citing St. Paul Fire Marine Ins. Co. v. Battle (1975),44 Ohio App.2d 261, 266, 73 O.O.2d 291, 337 N.E.2d 806.
[2] State ex rel. Delph v. City of Greenfield (1991), 71 Ohio App.3d 251,258, 593 N.E.2d 369, citing In re Adoption of Gibson (1986),23 Ohio St.3d 170, 172, 23 OBR 336, 492 N.E.2d 146; Werden v. Crawford
(1982), 70 Ohio St.2d 122, 124, 24 O.O.3d 196, 435 N.E.2d 424.
[3] In re Adoption of Gibson, 23 Ohio St.3d at 172-73, quotingSt. Paul Fire Marine Ins. Co., 44 Ohio App.2d at 267 (emphasis added).
[4] State ex rel. Delph, (1991), 71 Ohio App.3d at 258-59, citingWalker v. Doup (1988), 36 Ohio St.3d 229, 231, 522 N.E.2d 1072.
[5] Doup, 36 Ohio St.3d at 229-30. See, also, In re: Fouras (Apr. 5,2000), Licking App. Nos. 99CA52, 99CA53, 99CA55; Lane v. Cincinnati Civ.Serv. Comm. (1977), 122 Ohio App.3d 633, 670, 702 N.E.2d 905, fn. 5.