[Cite as *Home S. & L. Co. v. Avery Place, L.L.C.*, 2011-Ohio-4525.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| HOME SAVINGS & LOAN CO., YOUNGSTOWN, OHIO | : | JUDGES: |
| | : | |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 11 CAE 02 0014 |
| AVERY PLACE, LLC, et al. | : | |
| | : | |
| | : | |
| Defendants-Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Delaware County Court of
Common Pleas, Case No. 09 CV H 08
1044

JUDGMENT:                    AFFIRMED

DATE OF JUDGMENT ENTRY:      September 2, 2011

APPEARANCES:

For Appellants:

RICHARD L. GOODMAN
720 Youngstown-Warren Rd.
Suite E
Niles, OH 44446

For Appellee:

ANTHONY M. SHARETT
KENNETH C. JOHNSON
100 S. 3rd St.
Columbus, OH 43215

*Delaney, J.*

{¶1} Defendants-Appellants Avery Place, LLC and James Moro appeal the November 2, 2010 judgment entry denying Appellants' Second Motion for Relief from Final Cognovit Judgment and a January 21, 2011 judgment entry denying Appellants' Request for Findings of Fact and Conclusions of Law filed by the Delaware County Court of Common Pleas. Plaintiff-Appellee is Home Savings & Loan Company, Youngstown, Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2} Appellants entered into two commercial mortgage loans with Appellee to finance the construction of a condominium development. Appellant James Moro personally guaranteed the commercial loans. Appellants defaulted on the loans.

{¶3} On August 7, 2009, Appellee filed a complaint, asserting claims for breach of a construction note supported by a cognovit promissory note, breach of an unconditional and continuing cognovit construction guaranty, breach of an acquisition and development loan supported by a cognovit promissory note, and breach of an unconditional and continuing cognovit acquisition and development guaranty. The trial court entered a judgment by confession in the amount of $2,846,574.20, plus interest, costs, and attorney fees.

{¶4} Appellants filed a Motion for Relief from Final Cognovit Judgment on October 8, 2009. Appellants argued a meritorious defense existed because the default upon which the cognovit judgment was based was manufactured by Appellee. Appellants further argued the cognovit judgment should be vacated based on waiver, estoppels, fraud in the inducement, and breach of fiduciary duty by Appellee. The trial court held an evidentiary hearing on the motion on February 8, 2010. The trial court

issued a lengthy judgment and denied the Motion for Relief from Judgment on March 16, 2010.  Appellants did not appeal the judgment.

{¶5}   On August 6, 2010, Appellants filed a Second Motion for Relief from Final Cognovit Judgment.  Appellants argued there existed new meritorious defenses as grounds upon which they were entitled to relief from judgment.  Specifically, Appellants stated the additional meritorious defenses of illegality and inaccuracy of the cognovit judgment amount.  Appellants claimed illegality based on a "Stipulation and Consent to the Issuance of an Order to Cease and Desist" entered into by Appellee, the FDIC, and the State of Ohio, Division of Financial Institutions on August 13, 2008.  The Cease and Desist Order is a matter of public record.  Appellants requested discovery of the documents related to the Cease and Desist Order in a related Franklin County Case on June 2, 2010.  Appellants further argued the cognovit judgment amount was inaccurate because Appellee made an incorrect disbursement of approximately $4,000, which overstated the balance.

{¶6}   Appellee filed a Motion to Strike the Second Motion for Relief from Final Cognovit Judgment.  The trial court did not rule on the Motion to Strike, but rather denied Appellants' Second Motion for Relief from Final Cognovit Judgment by judgment entry issued on November 2, 2010.

{¶7}   Appellants filed a Request for Findings of Fact and Conclusions of Law pursuant to Civ.R. 52 on November 15, 2010.  The trial court denied Appellants' request on January 12, 2011.

{¶8}   Appellants filed a Notice of Appeal on February 11, 2011 of the trial court's November 2, 2010 and January 12, 2011 decisions.

{¶9}   Appellants raises two Assignments of Error:

{¶10}  "I. THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANTS-APPELLANTS' SECOND MOTION FOR RELIEF FROM FINAL COGNOVIT JUDGMENT (R. 77, 11/02/10 DECISION, APPX. 8).

{¶11} "II. THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANTS-APPELLANTS' REQUEST FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW (R. 84, 01/12/11 DECISION, APPX. 10).

**I.**

{¶12}  Appellants argue in the first Assignment of Error that the trial court abused its discretion in denying Appellants' Second Motion for Relief from Final Cognovit Judgment.

{¶13}  Civ. R. 60(B) provides the basis upon which a party may obtain relief from judgment, and states in pertinent part: "On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceedings for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons

(1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered to taken."

{¶14} Furthermore, "a motion for relief from judgment under Civ. R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122, and *Citibank (South Dakota), N.A. v. Stein*, Fairfield App. No. 05CA71, 2006-Ohio-2674 at ¶ 27. In order to find an abuse of discretion, we must determine that the trial court's decision denying appellant's motion was unreasonable, arbitrary or unconscionable, and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.

{¶15} The Ohio Supreme Court interpreted Civ. R. 60(B) in the seminal case of *GTE Automatic Electric, Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113 as follows: "To prevail on his motion under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." Id. at 150-151.

{¶16} Where the judgment sought to be vacated is a cognovit judgment, the standard set forth by *GTE* is modified. In such a case, the party seeking to vacate a cognovit judgment need only show that the motion to vacate was timely made and that a meritorious defense is available. See, *Fifth Third Bank v. Jarrell,* Franklin App. No. 04AP-358, 2005-Ohio-1260 at ¶ 11.

{¶17} However, despite this modified standard, the movant is required "to allege operative facts with enough specificity to allow the trial court to decide whether a meritorious defense exists." *Advanced Clinical Mgmt., Inc. v. Salem Chiropractic Ctr., Inc.,* Stark App. No.2003CA00108, 2004-Ohio-120 at ¶ 15.

{¶18} Appellants argue they met both elements required to be successful on their Civ.R. 60(B) motion: the second motion for relief from judgment was timely made and they raised the meritorious defenses of illegality and inaccuracy. Appellee contends, however, that the doctrine of res judicata barred Appellants' second motion from relief from judgment. Appellee states that the meritorious defenses Appellants raise in their second motion were available to Appellants at the time of their first motion for relief from judgment and should have been raised in that motion.

{¶19} The doctrine of res judicata precludes "relitigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction." *Reasoner v. Columbus,* Franklin App. No. 04AP–800, 2005–Ohio–468, ¶ 5, citing *State ex rel. Kroger Co. v. Indus. Comm.,* 80 Ohio St.3d 649, 651, 1998–Ohio–174. In order to apply the doctrine of res judicata, we must conclude the following: "(1) there was a prior valid judgment on the merits; (2) the second action involved the same parties as the first action; (3) the present action raises claims that were or could have been litigated in the prior action; and (4) both actions arise out of the same transaction or occurrence." *Grava v. Parkman Twp.,* 73 Ohio St.3d 379, 380–82, 1995–Ohio–331.

{¶20} The Ohio Supreme Court in *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, 846 N.E.2d 43, ¶8 discussed multiple filings of Civ.R. 60(B) motions.

"'[R]es judicata prevents the successive filings of Civ.R. 60(B) motions [for] relief from a valid, final judgment when based upon the same facts and same grounds or based upon facts that could have been raised in the prior motion.' *Beck-Durell Creative Dept., Inc. v. Imaging Power, Inc.,* Franklin App. No. 02AP-281, 2002-Ohio-5908, 2002 WL 31417757, ¶ 16. See, also, *Roberts v. Roberts,* Montgomery App. Nos. 20432 and 20446, 2004-Ohio-5799, 2004 WL 2445227, ¶ 25."

{¶21} Appellants filed their first motion for relief on October 8, 2009. Appellants stated their meritorious defenses include waiver, estoppel, fraud in the inducement, breach of fiduciary duty and that the default upon which the cognovit judgment was based was manufactured by Appellee. Appellants filed their second motion for relief on August 6, 2010. Appellants argued in their second motion that their meritorious defenses were illegality because of the Cease and Desist Order issued on August 13, 2008 and that an inaccurate disbursement occurred during the pendency of the loan. Appellants have made no argument before the trial court or this Court that these meritorious defenses were not available to Appellants at the time the first motion for relief was filed on October 8, 2009.

{¶22} Appellants' second motion for relief from judgment was based on issues that could have been raised in their first motion for relief from judgment. Accordingly, we find that Appellants' Second Motion for Relief from Final Cognovit Judgment is barred by the doctrine of res judicata. The trial court did not abuse its discretion in denying Appellants' second motion for relief from judgment.

{¶23} Appellants' first Assignment of Error is overruled.

**II.**

{¶24} Appellants contend in their second Assignment of Error that the trial court abused its discretion in denying Appellants' request for findings of fact and conclusions of law pursuant to Civ.R. 52.

{¶25} Civ.R. 52 states:

{¶26} "When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ. R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law. * * * Findings of fact and conclusions of law required by this rule and by Rule 41(B)(2) are unnecessary upon all other motions including those pursuant to Rule 12, Rule 55 and Rule 56."

{¶27} There is a disagreement among courts as to whether Civ.R. 52 applies to Civ.R. 60(B) proceedings. "Civ.R. 52 confers a right, is mandatory, and is not a matter within the trial court's discretion in any situation where questions of fact are tried by the court without intervention of a jury." *First National Bank v. Netherton*, Pike App. No. 04CA731, 2004-Ohio-7284, ¶10 citing *In re Adoption of Gibson* (1986), 23 Ohio St.3d 170, 172, 492 N.E.2d 146; *Werden v. Crawford* (1982), 70 Ohio St.2d 122, 124, 435 N.E.2d 424 (holding that compliance with Civ.R. 52 is "mandatory in any situation in which questions of fact are tried by the court without intervention of a jury"); *State ex rel. Delph v. City of Greenfield* (1991), 71 Ohio App.3d 251, 258, 593 N.E.2d 369; *St. Paul Fire & Marine Ins. Co. v. Battle* (1975), 44 Ohio App.2d 261, 266, 337 N.E.2d 806.

{¶28} However, Civ.R. 52 provides that findings of fact and conclusions of law are "unnecessary upon all other motions, including those pertaining to Rule 12, Rule 55 and Rule 56." Some courts have interpreted the language, "unnecessary upon all other motions" to mean that Civ.R. 52 is not applicable to Civ.R. 60(B) motions. *First National Bank*, supra at ¶11 citing *Blankenship v. Honda/Isuzu* (Mar. 27, 1987), Portage App. No. 1669; see, also, *In the Matter of the Adoption of Beekman* (Sept. 11, 1991), Scioto App. No. 90CA1883,

{¶29} This Court held in *Muirloch Realty, Inc. v. Ashpole* (Aug. 25, 1995), Delaware App. No. 94 CA-E-04-010, that "[t]here is no requirement that the trial court issue findings of fact and conclusions of law or otherwise explain its reasons for its disposition of a Civ.R. 60(B) motion. See Civ.R. 52 and *Neubauer v. Kender* (1986), 32 Ohio App.3d 49." "Other courts have determined that a trial court need not issue Civ.R. 52 findings of fact and conclusions of law when ruling on a Civ.R. 60(B) motion. See *Briggs v. Deters* (June 25, 1997), Hamilton App. No. C-961068 (concluding that the 'unnecessary upon all other motions' includes Civ.R. 60(B) motions); *Blankenship v. Rick Case Honda/Isuzu* (March 27, 1987), Portage App. No. 1669 (stating that findings of fact and conclusions of law pursuant to Civ.R. 52 are not necessary when ruling on a Civ.R. 60(B) motion); see, also, *Briggs v. Deters* (June 25, 1997), Hamilton App. No. C-961068." *First National Bank*, supra at ¶14.

{¶30} The Fourth District Court of Appeals conducted an in-depth analysis regarding the application of Civ.R. 52 to Civ.R. 60(B) proceedings in *First National Bank v. Netherton*, Pike App. No. 04CA0731, 2004-Ohio-7284. The court determined that a blanket rule excluding Civ.R. 60(B) motions from Civ.R. 52 was not the correct answer

to address the issue. Instead, the court ruled that the application of Civ.R. 52 to a Civ.R. 60(B) motion should be determined on a case-by-case basis. It stated: "when a trial court must resolve disputed factual issues to reach a decision on a Civ.R. 60(B) motion and when the movant timely requests Civ.R. 52 findings of fact and conclusions of law, the court must issue Civ.R. 52 findings of fact and conclusions of law." *First National Bank*, supra at ¶16.

{¶31} As interpreted by the Fourth District, the trigger for the application of Civ.R. 52 to a Civ.R. 60(B) motion is a factual dispute. In order to determine whether the trial court was required to resolve a factual dispute, therefore rendering Civ.R. 52 applicable, the Fourth District examined the Civ.R. 60(B) proceeding before the trial court. The Fourth District held that if the "indicia of trial substantially predominate in the [Civ.R. 60(B)] proceeding" where the trial court hears arguments presented in court by counsel, issues of fact are decided by the trial court, the issues are central to the primary dispute between the parties, and a judgment was rendered on the evidence, then the proceeding is properly classified as a trial and subject to Civ.R. 52. Id. at ¶12.

{¶32} We look to the present case to determine whether Civ.R. 52 is applicable to Appellants' Second Motion for Relief from Final Cognovit Judgment. In this case, the trial court denied Appellants' request for findings of fact and conclusions of law because the, "Court made legal conclusions based on analysis of law, which did not require resolution of any questions of fact." (Judgment Entry, January 12, 2011). The trial court did not hold an evidentiary hearing or hear arguments of counsel in court. As we found in our resolution of Appellants' first Assignment of Error, we agree with the trial court's determination that there was no factual dispute raised in Appellants' second motion for

relief from judgment. Appellants' second motion for relief from judgment based on their two "new" meritorious defenses was barred by the doctrine of res judicata, a substantive rule of law. The trial court was not required to hold an evidentiary hearing to resolve the motion, nor did the motion raise a factual dispute between the parties. Therefore, under this Court's determination in *Muirloch Realty, Inc. v. Ashpole*, supra, or under the analysis of *First National Bank*, supra, we find that Civ.R. 52 was inapplicable to this Civ.R. 60(B) proceeding.

{¶33} Appellants' second Assignment of Error is overruled.

{¶34} The judgment of the Delaware County Court of Common Pleas is affirmed.

By: Delaney, J.

Hoffman, P.J. and

Farmer, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| HOME SAVINGS & LOAN CO., YOUNGSTOWN, OHIO | : |
| | : |
| | : |
| | : |
| Plaintiff-Appellee | : |

|  |  |  |
|---|---|---|
| -vs- | : | JUDGMENT ENTRY |
|  | : |  |
| AVERY PLACE, LLC, et al. | : |  |
|  | : |  |
|  | : | Case No. 11 CAE 02 0014 |
| Defendants-Appellants | : |  |

For the reasons stated in our accompanying Opinion on file, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs assessed to Appellants.

_____
HON. PATRICIA A. DELANEY

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER