OPINION
{¶ 1} Charles Davis appeals from a decision of the Montgomery County Court of Common Pleas, Domestic Relations Division, overruling his objections to a magistrate's decision and order. Davis contends that the trial court erred in awarding spousal support to his former spouse, Michele Lewis, because it is not appropriate and reasonable under R.C.3105.18(C)(1). We conclude that the trial court properly considered the factors listed in R.C. 3105.18(C)(1) in relation to the facts of this case and did not abuse its discretion in finding that an award of spousal support in the amount of $650 per month is appropriate and reasonable.
 {¶ 2} Davis also contends that the trial court erred in overruling his objections to the magistrate's decision and order, because the magistrate failed to file an amended decision including findings of fact and conclusions of law pursuant to Civ.R. 53(E)(2). We conclude that the original magistrate's decision and order contains findings of fact and conclusions of law; therefore, the magistrate was not required to file an amended decision containing findings of fact and conclusions of law pursuant to Civ.R. 53(E)(2), and the trial court did not err in overruling Davis's objections to the magistrate's decision and order upon this ground.
 {¶ 3} Davis contends that the trial court erred in modifying spousal support, because a material change of circumstances for Lewis was not demonstrated. We conclude that a material change of circumstances was demonstrated when Lewis testified that she has not been able to continue her part-time employment at Sinclair Community College due to a medical condition, resulting in a reduction in income for her. Therefore, we conclude that the trial court did not err in overruling Davis's objections to the magistrate's decision and order.
 {¶ 4} Accordingly, the judgment of the trial court is affirmed.
 I {¶ 5} Michele (Davis) Lewis and Charles Davis were married in 1980, and had two children together. After living separate and apart for more than one year, Lewis and Davis were granted a final judgment and decree of divorce in May, 2002. The trial court ordered in the decree that "there shall be no award of spousal support at this time, so long as the Defendant continues to pay the support order under Juvenile Case Number JC 2000-6194." The trial court retained jurisdiction over the issue of spousal support until November 30, 2008.
 {¶ 6} In the juvenile case, Davis was ordered to pay $176 a week in child support. Davis's child support obligation terminated in October, 2002. In March, 2003, Lewis filed a motion for an award of spousal support, alleging that the termination of child support payments caused a material change of circumstances for her. After a hearing, a magistrate determined that spousal support would be appropriate and reasonable in this case and ordered that Davis pay Lewis $650 per month in spousal support until November 30, 2008, the death of either party, or Lewis's remarriage, whichever occurs first.
 {¶ 7} Davis filed a motion for findings of fact and conclusions of law. Davis then filed objections to the magistrate's decision and order. The trial court found that the magistrate's decision contained sufficient findings of fact, rendering Davis's motion for findings of fact moot. The trial court also overruled Davis's objections to the magistrate's decision and order. From this order, Davis appeals.
 II {¶ 8} Davis's First Assignment of Error is as follows:
 {¶ 9} "The trial court erred in its decision to award spousal support to the appellee because there was insufficient evidence to support that the award was appropriate and reasonable under R.C. 3105.18(C) and because the magistrate failed to file an amended decision stating findings of fact or conclusions of law."
 {¶ 10} Davis contends that the trial court erred in awarding spousal support to Lewis, because it is not appropriate and reasonable under R.C. 3105.18(C)(1).
 {¶ 11} We review a trial court's decision to award spousal support only for an abuse of discretion. Cronin v. Cronin, Greene App. Nos. 02-CA-110, 03-CA-75, 2005-Ohio-301, at ¶ 29. A trial court abuses its discretion when it makes a decision that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.
 {¶ 12} In determining whether an award of spousal support is appropriate and reasonable, a trial court is guided by R.C. 3105.18(C)(1), which lists several factors for the trial court to consider in reaching its decision. R.C. 3105.18(C)(1) provides as follows:
 {¶ 13} "In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 14} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 {¶ 15} "(b) The relative earning abilities of the parties;
 {¶ 16} "(c) The ages and the physical, mental, and emotional conditions of the parties;
 {¶ 17} "(d) The retirement benefits of the parties;
 {¶ 18} "(e) The duration of the marriage;
 {¶ 19} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 20} "(g) The standard of living of the parties established during the marriage;
 {¶ 21} "(h) The relative extent of education of the parties;
 {¶ 22} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 23} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 24} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 25} "(i) The tax consequences, for each party, of an award of spousal support;
 {¶ 26} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 27} "(n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 28} In this case, the trial court stated that it reviewed the factors listed in R.C. 3105.18(C)(1) and found as follows:
 {¶ 29} "The parties were married 21 years. Plaintiff is 42 years old and defendant is 45 years old. In 2002 she earned approximately $34,000.00 working three jobs. Due to health reasons she will no longer be able to work one of the part time positions, Sinclair Community College teaching. Thus her income will be reduced by approximately $2,520.00 ($630 per quarter). Plaintiff testified that her monthly expenses are approximately $1,800.00.
 {¶ 30} "Defendant is currently employed at Delphi earning $21.45 per hour. He acknowledged that he works some overtime. In 2001 and 2002 he earned approximately $64,000.00 and $65,000.00 respectively. At the time of the hearing, he had earned $24,000.00. At that pace, he would earn approximately $80,000.00 in 2003.
 {¶ 31} "The Court finds that the final decree of divorce provides for the continuing jurisdiction over the issue of spousal support. Considering the factors of R.C. 3105.18(C)(1), the Court finds an award of $650.00 per month as spousal support is reasonable and appropriate."
 {¶ 32} Based on the foregoing, we conclude that the trial court properly considered the factors listed in R.C. 3105.18(C)(1) in relation to the facts of this case, and did not abuse its discretion in finding that an award of spousal support in the amount of $650 per month would be appropriate and reasonable.
 {¶ 33} Davis also contends that the trial court erred in overruling his objections to the magistrate's decision and order, because the magistrate failed to file an amended decision including findings of fact and conclusions of law pursuant to Civ.R. 53(E)(2).
 {¶ 34} Civ.R. 53(E)(2) provides that if a request for findings of fact and conclusions of law is requested after the magistrate's decision is filed, "the magistrate shall include the findings of fact and conclusions of law in an amended magistrate's decision." Davis filed a motion for findings of fact and conclusions of law after the magistrate's decision was filed, and the magistrate did not file an amended decision. The trial court found that the magistrate's decision contained sufficient findings of fact, rendering Davis's motion for findings of fact moot.
 {¶ 35} The magistrate's decision in this case stated as follows:
 {¶ 36} "In considering whether spousal support is appropriate and reasonable, the court has reviewed the facts [sic] as set forth in R.C.3105.18(C)(1) (a-n).
 {¶ 37} "The plaintiff and the defendant were married on November 15, 1980. The parties had two children as issue of said marriage who are now emancipated.
 {¶ 38} "The parties were divorced on May 31, 2002. They were married for 21 years and lived together in the same residence for 19 years.
 {¶ 39} "The plaintiff is 42 years old. The plaintiff is a high school graduate. She has been employed at several places. She works for Nova House and works between 40 — 60 hours a week. In addition, she is a part-time instructor at Sinclair. She also works part-time in a regional DUI program on the weekend. These jobs provide her source of income. Her income for 2002 was $34,000.
 {¶ 40} "The plaintiff is not in perfect health. She suffers from severe back pain. This creates a difficulty for her in walking. There was no evidence of mental health disorder.
 {¶ 41} "The plaintiff did not submit a financial affidavit. She testifies as to her monthly expenses. She incurs monthly expenses of approximately $1,827.
 {¶ 42} "The defendant is 45 years old. The defendant has been employed at Delphi. He earns $21.45 per hour. In 2001, he earned $64,000 in income. In 2002, he earned $65,000 in income. As of April 15, 2003, his income was $24,000. If overtime remains the same, he should earn at least $84,000 for 2003.
 {¶ 43} "The defendant is in good health and is not suffering from physical or mental issues.
 {¶ 44} "Both parties filed a joint bankruptcy. As a result there were no marital debts.
 {¶ 45} "The court has concluded that the defendant shall pay to the plaintiff an award of spousal support. Spousal support would be appropriate and reasonable in this case."
 {¶ 46} The magistrate's decision and order demonstrates that the magistrate stated her findings of fact and conclusions of law when she considered the factors listed in R.C. 3105.18(C)(1) in relation to the facts of this case and reached the conclusion to award spousal support based on those findings. Because the magistrate's decision and order contains the magistrate's findings of fact and conclusions of law, the magistrate was not required to file an amended decision containing findings of fact and conclusions of law, pursuant to Civ.R. 53(E)(2). We conclude that the trial court did not err in finding that the magistrate's decision contained sufficient findings of fact and conclusions of law, and therefore, did not err in overruling Davis's objections to the magistrate's decision and order on this issue.
 {¶ 47} Davis's First Assignment of Error is overruled.
 III {¶ 48} Davis's Second Assignment of Error is as follows:
 {¶ 49} "The trial court erred in modifying spousal support because the appellee failed to demonstrate a change of circumstances, as required under R.C. 3105.18(D) to modify the spousal support holding in the final judgment and decree."
 {¶ 50} Davis contends that the trial court erred in modifying spousal support, because a material change of circumstances was not demonstrated.
 {¶ 51} In determining that an award of spousal support was appropriate and reasonable in this case, the trial court found that "[i]n 2002 she [Lewis] earned approximately $34,000.00 working three jobs. Due to health reasons she will no longer be able to work one of the part time positions, Sinclair Community College teaching. Thus her income will be reduced by approximately $2,520.00 ($630 per quarter)."
 {¶ 52} The trial court's finding is supported by the record. At the hearing, Lewis testified that at the time of the divorce, she had one full-time job at Nova House and two part-time jobs at a regional DUI program and Sinclair Community College. Lewis testified that since the divorce, she had not been able to continue employment at Sinclair Community College due to a medical condition. Lewis testified as follows:
 {¶ 53} "Q. Ms. Davis, has anything occurred in your life since the time that you obtained your divorce until the present that caused you to have financial need?
 {¶ 54} "A. As I stated I was not working at Sinclair due to a medical issue, so that's probably the biggest thing.
 {¶ 55} "Q. Just for the record, what is that medical issue?
 {¶ 56} "A. I get severe back pain, my back goes out where [sic] I'm home from work. I can't — I don't go in. It is very difficult to walk, very difficult to get around. I've seen a physician as well as a chiropractor."
 {¶ 57} Based on Lewis's testimony that she has not been able to continue her part-time employment at Sinclair Community College due to her medical condition, resulting in a reduction in her income, we conclude that a material change of circumstances was demonstrated. We conclude that the trial court did not err in overruling Davis's objections to the magistrate's decision and order awarding spousal support to Lewis in the amount of $650 per month.
 {¶ 58} Davis's Second Assignment of Error is overruled.
 IV {¶ 59} Both of Davis's Assignments of Error having been overruled, the judgment of the trial court is affirmed.
Wolff, J., concur.