DECISION AND JUDGMENT ENTRY
{¶ 1} Robert L. Netherton and R.L. Netherton Enterprises, Inc. (collectively referred to as "Netherton") appeal the trial court's order denying their Civ.R. 60(B)(5) motion for relief from judgment upon two cognovit judgments. In addition to their arguments on the merits, appellants assert that the trial court erroneously failed to issue findings of fact and conclusions of law under Civ.R. 52.
 {¶ 2} Because the court did not issue Civ.R. 52 findings of fact and conclusions of law upon Netherton's timely request, no final appealable order exists and we are without jurisdiction to consider this appeal. Therefore, we dismiss it.
 {¶ 3} In December of 2001, The First National Bank of Waverly and Oak Hill Bank (collectively referred to as "the banks") filed a complaint against Netherton. The complaint alleged that Netherton executed two cognovit notes, each in the amount of $1.75 million and that Netherton has failed to pay. The banks sought payment due under the notes and ultimately obtained cognovit judgments against Netherton and Netherton Enterprises.
 {¶ 4} In October of 2003, Netherton filed a Civ.R. 60(B) motion for relief from judgment. At the evidentiary hearing on Netherton's motion, the parties presented conflicting evidence, which the trial court had to evaluate.
 {¶ 5} In May of 2004, the court denied Netherton's motion. Netherton subsequently filed a timely Civ.R. 52 request for findings of fact and conclusions of law. The court directed the parties to submit proposed findings of fact and conclusions of law. Before the court issued findings of fact and conclusions of law, Netherton filed a notice of appeal. The banks then filed a notice that they would not submit proposed findings of fact and conclusions of law until the appeal was over. To date, the court has not issued findings of fact and conclusions of law.
 {¶ 6} Appellants timely appealed the trial court's judgment and raise the following assignments of error: "First Assignmentof Error: The trial court erred in denying the appellants' motion to vacate the cognovit judgment pursuant to Civ.R. 60(B) of the Ohio Rules of Civil Procedure that had previously been entered against the appellants. Second Assignment of Error: The failure of the appellees to confess judgment on a cognovit note in the county in which the maker resides or where the maker signed the warrant of attorney is a question of subject matter jurisdiction and no other county other than those provided in Section 2323.13(A) of the Ohio Revised Code have subject matter jurisdiction to grant a judgment on a cognovit note. ThirdAssignment of Error: The failure of the trial court to issue findings of fact and conclusions of law pursuant to Civ.R. 52 when a proper motion for such findings of fact and conclusions of law has been filed, requires a remand for such findings to be issued by the trial court."
 {¶ 7} Before we can address the merits of Netherton's assignments of error, we first must address a threshold jurisdictional issue. An appellate court does not have jurisdiction to review an order that is not final and appealable. See Section 3(B)(2), Article IV of the Ohio Constitution;General Acc. Ins. Co. v. Insurance Co. of North America (1989),44 Ohio St.3d 17, 540 N.E.2d 266; Noble v. Colwell (1989),44 Ohio St.3d 92, 540 N.E.2d 1381. We must sua sponte dismiss an appeal that is not from a final appealable order.Whitaker-Merrell v. Geupel Constr. Co. (1972),29 Ohio St.2d 184, 280 N.E.2d 922.
 {¶ 8} Ordinarily, upon a proper request for findings of fact and conclusions of law, no final appealable order exists until the court complies with Civ.R. 52, i.e., it issues its findings of fact and conclusions of law. See Walker v. Doup (1988),36 Ohio St.3d 229, 522 N.E.2d 1072, syllabus; Caudill v. Caudill
(1991), 71 Ohio App.3d 564, 565, 594 N.E.2d 1096; In re Webster
(Sept. 14, 1993), Athens App. No. 92CA1559. However, some courts have held that Civ.R. 52 does not apply to Civ.R. 60(B) proceedings. If that is true, then a court need not issue findings of fact and conclusions of law upon timely request and its failure to do so would not create a final appealable order problem in this context. Thus, to determine whether we have jurisdiction to consider this appeal, we first must resolve whether Civ.R. 52 applies to Civ.R. 60(B) proceedings.
 {¶ 9} Civ.R. 52 provides: "When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ. R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law. * * * Findings of fact and conclusions of law required by this rule and by Rule 41(B)(2) are unnecessary upon all other motions including those pursuant to Rule 12, Rule 55 and Rule 56."
 {¶ 10} Civ.R. 52 confers a substantial right, is mandatory, and is not a matter within the trial court's discretion in any situation where questions of fact are tried by the court without intervention of a jury. See In re Adoption of Gibson (1986),23 Ohio St.3d 170, 172, 492 N.E.2d 146; Werden v. Crawford (1982),70 Ohio St.2d 122, 124, 435 N.E.2d 424 (holding that compliance with Civ.R. 52 is "mandatory in any situation in which questions of fact are tried by the court without intervention of a jury");State ex rel. Delph v. City of Greenfield (1991),71 Ohio App.3d 251, 258, 593 N.E.2d 369; St. Paul Fire Marine Ins. Co.v. Battle (1975), 44 Ohio App.2d 261, 266, 337 N.E.2d 806. "Findings of fact and conclusions of law are required because * * * when a judgment is rendered in general terms a reviewing court is not sure whether the case was decided * * * upon the erroneous application of legal principles." In re Adoption of Gibson,23 Ohio St.3d at 172-73. In other words, they are necessary to prosecute an appeal and for effective appellate review. State exrel. Delph, (1991), 71 Ohio App.3d at 258-59, citing Walker v.Doup (1988), 36 Ohio St.3d at 231. "`The obvious reasons for requiring findings are `* * * to apprise the petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause.'Jones v. State (1966), 8 Ohio St.2d 21, 22, [222 N.E.2d 313,314]. The existence of findings and conclusions [is] essential in order to prosecute an appeal. Without them, a petitioner knows no more than he lost and hence is effectively precluded from making a reasoned appeal. In addition the failure of a trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and the conclusions which an appellate court reviews for error." Walker,36 Ohio St.3d at 230-31
(quoting State v. Mapson (1982), 1 Ohio St.3d 217,219,438 N.E.2d 910,912-13).
 {¶ 11} However, Civ.R. 52 provides that findings of fact and conclusions of law are not required "upon all other motions, including those pursuant to Rule 12, Rule 55 and Rule 56." The question we must resolve is whether Civ.R. 60(B) falls within the phrase, "all other motions." We addressed this question in Angelv. Angel (Feb. 18, 1993), Scioto App. No. 92CA2071, where we stated: "The provisions of Civ.R. 52 are mandatory in any situation in which questions of fact are tried by the court without intervention of a jury. In re Adoption of Gibson
(1986), 23 Ohio St.3d 170, 172; Werden v. Crawford (1982),70 Ohio St.2d 122, 124; see, also, State ex rel. Delph v.Greenfield (1991), 71 Ohio App.3d 251, 258. Some courts have held that the `unnecessary upon all other motions' language of Civ.R. 52 renders it inapplicable to all Civ.R. 60(B) motions for relief from judgment. See, e.g., Blankenship v. Honda/Isuzu
(Mar. 27, 1987), Portage App. No. 1669; see, also, In the Matterof the Adoption of Beekman (Sept. 11, 1991), Scioto App. No. 90CA1883, unreported, p. 3, fn. 1 (factual issues may arise in a Civ.R. 60(B) motion but issue of whether Civ.R. 52 requires findings of fact and conclusions of law need not be addressed where neither party complied with court's order to file proposed findings and conclusions)."
 {¶ 12} In a footnote, we observed that the authors of one treatise concluded that motions do not fall within the purview of Civ.R. 52 because motions are not "trials": "`In a sense, when a court decides a motion, it "tries" the facts without a jury. But it does not "try" them in the same sense that it does during trial; it does not weigh them, resolve conflicts, or determine credibility. Basically, it "tries" them only in the sense that it determines which facts exist without dispute or on which reasonable minds could not differ. This is not the type of "trial" contemplated by Rules 52 and 41(B)(2), which envision a judge performing the same basic function that a jury performs in a jury trial, i.e., weighing the facts, assessing credibility, and resolving conflicts. Since a judge does not perform this function in deciding a motion, the court need not make, and the parties cannot request the court to make, findings of fact and conclusions of law after the court has announced its decision on a motion. The portion of Rule 52 quoted above so provides. Accordingly, findings of fact and conclusions of law must be made only when a court "tries" facts without a jury during a "trial," as the term "trial" is ordinarily understood. The court's determination of a motion does not fall within that ordinary understanding.'" (quoting 2 Klein, Browne, and Murtaugh, Baldwin's Ohio Civil Practice (1988) 66-67, T 41.02 (footnotes omitted)).[1]
 {¶ 13} We also recognized that in Hadley v. Hadley (Mar. 10, 1983), Franklin App. No. 82AP-637, the Tenth Appellate District held that when a Civ.R. 60(B) motion for relief from judgment is overruled without an evidentiary hearing, Civ.R. 52 did not apply because no issues were "tried" by the court. InAngel, we thus determined that because the trial court did not hold an evidentiary hearing on the Civ.R. 60(B) motion, it did not act to resolve factual conflicts, but only decided the legal issue of whether appellant presented sufficient operative facts entitling him to an evidentiary hearing. We then concluded that the court did not conduct a "trial" on the Civ.R. 60(B) motion and was not required to issue findings of fact and conclusions of law pursuant to Civ.R. 52. Klein, Browne, and Murtaugh, supra;Hadley, supra. But, see, State ex rel. Papp v. James (1994),69 Ohio St.3d 373, 378, 632 N.E.2d 889 (stating that Werden,
supra, rejected "the theory that Civ.R. 52 never applies to rulings on motions").
 {¶ 14} Other courts have determined that a trial court need not issue Civ.R. 52 findings of fact and conclusions of law when ruling on a Civ.R. 60(B) motion. See Briggs v. Deters (June 25, 1997), Hamilton App. No. C-961068 (concluding that the "unnecessary upon all other motions" includes Civ.R. 60(B) motions); Blankenship v. Rick Case Honda/Isuzu (March 27, 1987), Portage App. No. 1669 (stating that findings of fact and conclusions of law pursuant to Civ.R. 52 are not necessary when ruling on a Civ.R. 60(B) motion); see, also, Briggs v. Deters
(June 25, 1997), Hamilton App. No. C-961068. These courts reason that Civ.R. 52 does not apply because deciding a Civ.R. 60(B) motion is not dependent upon the court "trying" facts as that term is understood in the ordinary sense of a trial without a jury. See Buoscio v. Krichbaum (Mar. 24, 2000), Mahoning App. No. 99CA318.
 {¶ 15} Other courts have rejected a blanket rule excluding Civ.R. 60(B) from the Civ.R. 52 requirement and have instead ruled that "[a] trial court will not prejudice a Civ.R. 60(B) movant by failing to file separate findings of fact and conclusions of law when the factual and legal issues the trial court must decide are clear, simple or distinct." Aufdenkamp v.Knoefel (Apr. 3, 1996), Lorain App. No. 95CA6171 (citingAdvance Mortgage Co. v. Novak (1977), 53 Ohio App.2d 289, 294,373 N.E.2d 400; Adomeit v. Baltimore (1974), 39 Ohio App.2d 97,104, 316 N.E.2d 469). Cf. Koehler v. Rettig Enterprises, Inc.
(May 31, 1995), Hancock App. No. 5-94-44 (observing that an appellant who desired a more detailed decision regarding the trial court's Civ.R. 60(B) ruling could have filed a Civ.R. 52 request for findings of fact and conclusions of law). These courts essentially would require Civ.R. 52 findings of fact and conclusions of law when the reasons for the trial court's decision regarding the Civ.R. 60(B) motion cannot be easily ascertained.
 {¶ 16} Thus, the only thing that seems clear is that the cases are not consistent. We do not think that a blanket rule excluding Civ.R. 60(B) motions from Civ.R. 52 is the answer. While Civ.R. 60(B) motions may not be "trials," they can require trial courts to try questions of fact. See First Bank ofMarietta v. Mascrete, Inc. (1997), 79 Ohio St.3d 503, 508,684 N.E.2d 38 ("`A trial is an examination and decision of any issue — fact or law * * *.'"), quoting O'Connor v. Graff (1959),111 Ohio App. 398, 400, 160 N.E.2d 374; Haase v. Haase (1990),64 Ohio App.3d 758, 582 N.E.2d 1107 (concluding that the proceeding was a trial when "the trial court took evidence and heard argument on the issues raised by the several post decree motions before it"). Therefore, we believe the rule should be: when a trial court must resolve disputed factual issues to reach a decision on a Civ.R. 60(B) motion and when the movant timely requests Civ.R. 52 findings of fact and conclusions of law, the court must issue Civ.R. 52 findings of fact and conclusions of law. Cf. Cook v. R.P.M. Auto Sales, Inc. (1991), Scioto App. No. (stating that the trial court improperly refused to issue findings of fact and conclusions of law when the resolution of the motion rested upon conflicting testimony). This rule comports with the reason for requiring findings of fact and conclusions of law: to aid in effective appellate review.
 {¶ 17} Moreover, the rule is consistent with the Ohio Supreme Court's decision in First Bank of Marietta v. Mascrete, Inc.
(1997), 79 Ohio St.3d 503, 684 N.E.2d 38, paragraph two of the syllabus, which held that "[a] proceeding is considered a trial * * * when the indicia of trial substantially predominate in the proceedings." "[T]he proper test for determination of whether a proceeding is a trial * * * is an inquiry that focuses on the substance of the proceeding rather than on its form," and "courts should consider the nature of the individual proceeding." Id. at 507. Mascrete set forth the following non-exhaustive factors that may indicate a proceeding is in substance a trial: "(1) whether the proceeding was initiated by pleadings, (2) whether it took place in court, (3) whether it was held in the presence of a judge or magistrate, (4) whether the parties or their counsel were present, (5) whether evidence was introduced, (6) whether arguments were presented in court by counsel, (7) whether issues of fact were decided by the judge or magistrate, (8) whether the issues decided were central or ancillary to the primary dispute between the parties, (9) whether a judgment was rendered on the evidence." Id. "The focus of the inquiry, however, is whether there is a substantial predominance of indicia of trial such that the proceeding is properly characterized as a trial * * *." Id.
 {¶ 18} The Mascrete factors indicate that the trial court's Civ.R. 60(B) evidentiary hearing in this case is properly characterized as a trial: The proceeding took place in court; it was held in the judge's presence; the parties' counsel were present; testimony was given; counsel presented arguments; the judge decided issues of fact; the issues that the judge decided were central to the primary dispute between the parties, i.e., whether Netherton was entitled to Civ.R. 60(B) relief; and the trial court rendered a judgment based on the evidentiary hearing it held. Here, the only missing factor is that pleadings did not initiate the proceeding. Instead, a Civ.R. 60(B) motion initiated the proceeding. However, Mascrete recognized that the absence of pleadings does not alone remove a proceeding from sharing substantial indicia of a trial. Therefore, because indicia of trial substantially predominated the Civ.R. 60(B) proceeding in this case, the proceeding is properly classified as a trial that is subject to Civ.R. 52.
 {¶ 19} Appellees' assertion that we can review the record and determine the basis for the court's decision, despite the court's failure to comply with Civ.R. 52 is not persuasive. This argument may have merit in certain contexts, i.e., when a party challenges the court's failure to enter adequate factual findings and conclusions of law on the basis it precludes an effective review by an appellate court. But it does not carry much weight when the question concerns this court's subject matter jurisdiction. In other words, regardless of whether we can glean the court's rationale from the record, we cannot proceed where we lack jurisdiction.
 {¶ 20} Therefore, because the trial court failed to issue findings of fact and conclusions of law upon Netherton's timely request, there is no final appealable order. As a result, not only do we lack jurisdiction to consider this appeal, but the notice of appeal likewise does not divest the trial court of jurisdiction to issue findings of fact and conclusions of law.
Appeal Dismissed.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that Appellees recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Abele, J.: Concur in Judgment and Opinion.
[1] The authors of Ohio Civil Practice disagree with the idea that Civ.R. 52 applies only to "trials": "It has been held that Civ. R. 52 is inapplicable if a trial court acts in the absence of a trial. Such a reading does not seem justified by sentence one; the language `questions of fact are tried by the court' seems to contemplate that Civ. R. 52 might apply in any circumstance in which a trial court determines questions of fact without a jury. The Supreme Court has indeed said as much inWerden v. Crawford. If emphasis on a putative requirement that a `trial' be had is merely an alternative way of stating that "questions of fact [be] tried," the emphasis is, if inaccurate, relatively inconsequential." Klein and Darling, Baldwin's Ohio Civil Practice (2004), Section 52:18.