DECISION AND JUDGMENT ENTRY
{¶ 1} Robert L. Netherton and R.L. Netherton Enterprises, Inc. (collectively referred to as "the Nethertons") appeal the trial court's denial of their Civ.R. 60(B)(5) motion for relief from the cognovit judgments entered against them. The Nethertons contend that the court abused its discretion by denying their motion since they demonstrated they have meritorious defenses to the action, they are entitled to relief under subsection (5) as the amounts of the judgments are incorrect, and they filed the motion within a reasonable time.
 {¶ 2} The trial court correctly determined that the Nethertons did not have meritorious defenses to the action. Contrary to their assertion, the court had jurisdiction under R.C. 2323.13(A) because one of the signatories to the warrant of confession had its principal place of business in Pike County. Likewise, the Nethertons failed to demonstrate they were entitled to the protection of R.C. 2323.14, which benefits only those who sign warrants of attorney to confess judgment while they are in custody. Further, the court did not abuse its discretion by finding that the Nethertons failed to demonstrate that the amounts of the judgments were incorrect. Although Mr. Netherton testified that some additional payments may have been made, he could not confirm the existence of any payments, nor could he identify the amounts of the alleged payments. Finally, the Nethertons did not file their Civ.R. 60(B) motion until nearly two years after the judgment was entered and did not adequately explain the reasons for the delay in filing. Therefore, the court did not abuse its discretion by concluding that the motion was not made within a reasonable time. We affirm the court's denial of the Civ.R. 60(B) motion.
 I. PROCEDURAL HISTORY {¶ 3} In December 2001, The First National Bank of Waverly and Oak Hill Bank (collectively referred to as "the banks") filed a complaint against the Nethertons. The complaint alleged that R.L. Netherton Enterprises, Inc. executed two cognovit notes, each totaling approximately $1.7 million, that were unconditionally guaranteed by Mr. Netherton and Randal Homes Corporation ("Randal Homes") under an agreement that also contained cognovit provisions.[1] Because the Nethertons and Randal Homes failed to pay either note, the banks sought the payments due and ultimately obtained cognovit judgments against the Nethertons.
 {¶ 4} In October 2003, the Nethertons filed a Civ.R. 60(B) motion for relief from judgment. The court held an evidentiary hearing on the motion, during which both parties presented evidence. The court denied the Nethertons' motion and they subsequently filed a Civ.R. 52 request for findings of fact and conclusions of law; however, the Nethertons filed a notice of appeal before the court could comply with the request. In FirstNatl. Bank v. Netherton, Pike App. No. 04CA731, 2004-Ohio-7284, we held that no final appeal order existed because the court had not issued findings of fact and conclusions of law. Therefore, we dismissed the Nethertons' appeal and noted that the trial court retained jurisdiction to comply with the Civ.R. 52 request.
 {¶ 5} After the trial court subsequently complied with their request, the Nethertons filed this appeal.
 II. ASSIGNMENTS OF ERROR Assignment of Error One
The trial court erred in denying the appellants' motion to vacate the cognovit judgment pursuant to Civ.R. 60(B) of the Ohio Rules of Civil Procedure that had previously been entered against the appellants.
Assignment of Error Two
The failure of the appellees to confess judgment on a cognovit note in the county in which the maker resides or where the maker signed the warrant of attorney is a question of subject matter jurisdiction and no other county other than those provided in Section 2323.13(A) of the Ohio Revised Code have subject matter jurisdiction to grant a judgment on a cognovit note.
 III. CIVIL RULE 60(B) {¶ 6} In their first assignment of error, the Nethertons argue that the trial court should have granted their Civ.R. 60(B) motion to vacate the cognovit judgments entered against them. To prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion. BuckeyeFed. S. L. Assn. v. Guirlinger (1991), 62 Ohio St.3d 312, 314,581 N.E.2d 1352. If the movant fails to establish any of these three requirements, the court must overrule the motion. Svobodav. Brunswick (1983), 6 Ohio St.3d 348, 351, 453 N.E.2d 648.
 {¶ 7} The question of whether to grant relief is addressed to the sound discretion of the trial court and we may reverse its determination only upon a showing of an abuse of that discretion.Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20-21,520 N.E.2d 564, 566. Abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140. When applying the abuse of discretion standard, a reviewing court is not free to substitute its judgment; but rather, it must be guided by the presumption that the findings of the trial court are correct. In re Jane Doe I (1991),57 Ohio St.3d 135, 566 N.E.2d 1181.
 A. Meritorious Defense {¶ 8} The Nethertons argue the trial court abused its discretion in finding they failed to establish a meritorious defense. First, the Nethertons contend that they have a meritorious defense to the action because the banks failed to file the confession of judgment in the proper county. Specifically, the Nethertons argue that R.C. 2323.13(A) requires that the judgment be confessed where the maker resides or where the warrant of attorney was signed. Because R.L. Netherton Enterprises, Inc. is located in Ross County and the confession was signed in Franklin County, the Nethertons argue that the Pike County Court of Common Pleas had no jurisdiction.
 {¶ 9} Assuming without deciding that the trial court's jurisdiction and not the choice of venue is at issue in this case, we disagree. R.C. 2323.13(A) states:
* * * if the maker or any of several makers resides within theterritorial jurisdiction * * * or signed the warrant of attorney authorizing confession of judgment in such territory, judgment on such warrant of attorney shall be confessed in a municipal court having jurisdiction in such territory, provided the court has jurisdiction over the subject matter; otherwise, judgment may be confessed in any court in the county where the maker or any of several makers resides or signed the warrant of attorney. * * *
Robert L. Netherton signed the warrant of attorney on the guaranty agreement both individually and for Randal Homes in his capacity as President. At the hearing, Mr. Netherton acknowledged that Randal Homes' primary place of business is in Pike County. R.C. 2323.13(A) does not require that the maker who resides in the court's jurisdiction be a party to the action. Therefore, the trial court correctly concluded that the Pike County Court of Common Pleas had jurisdiction to decide this case under R.C.2323.13(A) because one of the makers of the guaranty agreement that was being confessed, i.e., Randal Homes, was located in Pike County.
 {¶ 10} The Nethertons also contend that they had a meritorious defense to the cognovit judgments because the banks failed to comply with the requirements of R.C. 2323.14, which states:
A warrant of attorney to confess judgment, executed by a person in custody, in favor of the person at whose suit he is in custody, shall be of no force unless executed in the presence of an attorney expressly named by the person in custody, and signed by him as a witness.
However, as the trial court found, R.C. 2323.14 applies only to confessions of judgment executed by persons who are in custody. The Nethertons presented no evidence that Mr. Netherton was in custody when he executed the confessions of judgment. Therefore, the trial court properly found R.C. 2323.14 is inapplicable under these facts.
 {¶ 11} Finally, the Nethertons contend that they had a meritorious defense to the action because the banks' calculations of the money owed by the Nethertons are incorrect. The Nethertons assert that the banks failed to credit them with payments they made and failed to apply money held in other accounts to the balance owed by the Nethertons. The trial court rejected these arguments.
 {¶ 12} The court noted that Mr. Netherton was unable to provide any details regarding the alleged payments made on the Nethertons' behalf, including the amounts of those payments or when they were supposedly made. In fact, Mr. Netherton testified only that payments could "possibly" have been made. Therefore, the court had a reasonable basis for rejecting the Nethertons' claim that the banks failed to credit them with payments they made. The court also noted that, even though First National Bank "could have" applied funds from a Randal Homes account to the amount of the Nethertons' indebtedness, it did not. According to the bank representative's testimony, these funds were being used to allow Randal Homes to continue operations. This testimony provided a reasonable basis for the court's conclusion that the Nethertons were not entitled to additional credits.
 {¶ 13} The trial court did not abuse its discretion by concluding that the Nethertons did not have a meritorious defense to the cognovit judgments. This conclusion alone would have supported denying the motion. Svoboda, supra.
 B. Grounds for Relief {¶ 14} The Nethertons argue that they are entitled to relief under Civ.R. 60(B)(5), a "catch-all" provision that allows relief from judgment for "any other reason justifying relief from the judgment." The Nethertons contend subsection (5) is applicable because the calculations of the amounts owed are incorrect. We have already concluded that the trial court did not abuse its discretion by finding that the Nethertons failed to present persuasive evidence that the calculations are incorrect. Accordingly, we also conclude the court did not abuse its discretion by finding that the Nethertons are not entitled to relief under subsection (5) based on this argument. Again, this finding by itself was a sufficient basis for denying the motion.
 C. Timeliness {¶ 15} Finally, at oral argument, the Nethertons argued that the trial court erred by failing to make any factual findings or conclusions of law regarding the timeliness of their Civ.R. 60(B) motion. This claim is incorrect. The trial court's judgment entry specifically states that the Nethertons waited almost two years after the court granted the cognovit judgments before filing the Civ.R. 60(B) motion. The court also included three paragraphs explaining the applicable law, applying it to the facts, and ultimately concluding that the Nethertons failed "to support their contention that the two year delay in seeking relief was reasonable." Therefore, the court did not err by failing to address the timeliness of the Civ.R. 60(B) motion.
 {¶ 16} And, the trial court did not abuse its discretion by finding the Nethertons' motion was not filed within a reasonable time. The banks obtained their cognovit judgments in December 2001 and the Nethertons did not file a motion to vacate those judgments until October 2003. A nearly two year time lapse between the entry of a judgment and a motion to vacate does not, on its face, satisfy the reasonable time requirement. In the absence of any evidence explaining the delay, the trial court could reasonably conclude the Nethertons failed to demonstrate the timeliness of their motion. Mount Olive Baptist Church v.Pipkins Paints Home Improvement Ctr., Inc. (1979),64 Ohio App.2d 285, 413 N.E.2d 850.
 {¶ 17} The Nethertons nonetheless argue that the motion was timely because the banks had just begun enforcement of the judgments when they filed the Civ.R. 60(B) motion. The Nethertons did not argue they were unaware of the entry of judgment. Moreover, as the trial court found, there was affirmative evidence that the Nethertons were aware of the judgment in at least October 2002. The court's conclusion that the bank's lack of action to enforce the judgments does not justify the delay in filing the Civ.R. 60(B) motion is not unreasonable, unconscionable or arbitrary. The court did not abuse its discretion by concluding that the Nethertons did not file the Civ.R. 60(B) motion within a reasonable time.
 {¶ 18} Having concluded that the court did not abuse its discretion by determining that the Nethertons failed to meet any of the requirements of Civ.R. 60(B), we overrule the Nethertons' first assignment of error.
 IV. SUBJECT MATTER JURISDICTION {¶ 19} In their second assignment of error, the Nethertons argue that the court lacked subject matter jurisdiction to confess the judgments because they did not reside in and the confessions were not signed in Pike County as required by R.C.2323.13(A). We have already concluded that the Pike County Common Pleas Court had jurisdiction since Randal Homes, a signatory to the warrant of attorney to confess judgment, had its principal place of business in Pike County. Accordingly, we overrule the Nethertons' second assignment of error.
 {¶ 20} Having found no merit in either of the assignments of error, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellees recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. McFarland, J.: Concur in Judgment and Opinion.
[1] Randal Homes is the sole shareholder of R.L. Netherton Enterprises, Inc. and Robert L. Netherton is the sole shareholder and President of Randal Homes. Randal Homes filed a Chapter 11 bankruptcy case in December 2001.