JOURNAL ENTRY AND OPINION
{¶ 1} Defendant, Detail at Retail, appeals the trial court's denial of its motion for sanctions against plaintiff, Robin Clemens. The threshold question is whether defendant's appeal time is stayed by its motion for findings of fact and conclusions of law. All other issues[1] argued by the parties are barred by the statute of limitations. See Appellate Order No. 368462.
 {¶ 2} This case has a somewhat confusing history. Clemens sued her employer, Detail at Retail ("employer"), for pregnancy discrimination. She had dismissed the suit once on November 27, 2002 and refiled it. During the first case, the employer filed a motion for sanctions against Clemens, and the court held a hearing on it. Before the court ruled on the motion, Clemens dismissed the suit without prejudice. On January 27, 2004, the trial court granted plaintiff's motion to deem the transcript from the sanctions hearing usable "in this action," that is, in Case No. 446339. When Clemens refiled the suit, the employer refiled its motion for sanctions. The trial court denied that motion after the trial in Case No. 49027.
 {¶ 3} Prior to trial, the employer filed a motion for summary judgment, which the trial court denied, stating: "UPON THE EVIDENCE PRESENTED, DEFENDANTS' 11/13/03 MOTION FOR SUMMARY JUDGMENT * * * IS DENIED AS THERE ARE GENUINE ISSUES OF MATERIAL FACT REMAINING TO BE LITIGATED AND THIS COURT CANNOT ENTER JUDGMENT AS A MATTER OF LAW." Judgment Entry of July 1, 2004. The case proceeded to a jury trial, and verdict was entered for the employer. The employer then renewed its motion for sanctions. This motion asked for "one hundred-seven thousand, two hundred sixty-five dollars" for "the total cost of the defense" of the case, which figure included attorney fees. The trial court denied this motion on November 1, 2004. The employer next moved for findings of fact and conclusions of law. The trial court denied this motion on February 16, 2005. The employer filed its notice of appeal on March 8, 2005.
 {¶ 4} The only issue before this court in the case at bar is whether the employer's motion for findings of fact and conclusions of law regarding sanctions, including legal costs, tolled the appeal time.
 {¶ 5} Motions for findings of fact and conclusions of law are governed by Civ.R. 52, which states in pertinent part:
When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law.
* * *
Findings of fact and conclusions of law required by this rule and by Rule 41(B)(2) are unnecessary upon all other motions
including those pursuant to Rule 12, Rule 55 and Rule 56. (Emphasis added.)
 {¶ 6} The initial question presented, then, is whether the trial court is mandated by this rule to issue findings of fact and conclusions of law in a ruling on a motion for sanctions under Civ.R. 11 and R.C. 2323.51. The Supreme Court of Ohio has held that "when a timely request for findings of fact and conclusions of law has been filed in accordance with Civ. R.52, the time period for filing a notice of appeal does not commence to run until the trial court files its findings of fact and conclusions of law." Emphasis added. Walker v. Doup (1988),36 Ohio St.3d 229, 231.[2]
 {¶ 7} Civ.R. 52 does not mandate findings on all motions. The rule is self-limiting in its application: for example, the rule expressly exempts motions pursuant to Rules 12, 55, and 56. It also exempts all other motions, that is, all motions except for those filed under Rule 41(B)(2) and those that meet the circumstances specified in the first section of the rule. InFirst Nat'l Bank v. Netherton, Pike App. No. O4CA731,2004-Ohio-7284 ¶ 11, the Fourth Appellate District questioned "whether Civ.R. 60(B) falls within the phrase, [sic] `all other motions.'" As in Netherton, we also must resolve whether a motion for sanctions under Civ.R. 11 or R.C. 2323.51 falls within the phrase "all other motions."[3]
 {¶ 8} Several appellate courts have ruled that a motion for attorney fees is included in the rule's exemption and that findings of fact and conclusions of law are not necessary in these cases. The Ninth Appellate District held "a trial court is not required to issue Findings of Fact and Conclusions of Law, pursuant to Civ.R. 52, regarding its denial of Appellant's motion for R.C. 2323.51(A)(2)(b) Attorney's Fees or Civ.R. 11 Sanctions." Lorain v. Elbert (April 22, 1998), Lorain App. No. 97CA006747, 1998 Ohio App. LEXIS 1739, at *6. Rather, as the Fifth Appellate District noted, the appellate court may base its review solely on the record to determine whether the trial court's ruling is correct. Houck v. Stahl (June 22, 1992), Licking App. No. CA-3766, 1992 Ohio App. LEXIS 3539, at *8.
 {¶ 9} The Sixth Appellate District, following Houck, made the same holding in Donnell v. Donnell (Sept. 22, 1995), Sandusky App. No. S-94-031, 1995 Ohio App. LEXIS 4050: "findings of fact are not absolutely required upon a motion for attorney's fees where the record supports the finding of a violation of R.C.2323.51. The court then concluded "that the evidence presented supports a finding of a violation of R.C. 2323.51 and the award of attorney fees issued by the trial court." Id. at *17, internal citation omitted. The Donnell court noted, however, "that the better approach would be for the trial court to specify the basis of the award of attorney fees to a party when the request for fees may be awarded under more than one rationale." Id. fn. 2.
 {¶ 10} No Ohio cases have held that when ruling on sanctions a court is required to issue findings of fact and conclusions of law.[4] Addressing an appeal from a judgment granting sanctions, the court found that the losing party had filed its motion for appeal outside the 30-day appeal time required by App.R. 4. The fact that the appellant had filed a motion for findings of fact and conclusions of law outside the seven days required by Civ.R. 52, however, prevented its appeal from a denial of that motion. The court held that,"[b]ecause the thirty-day period for filing a notice of appeal is suspended only by a timely motion for findings of fact and conclusions of law, there was no timely appeal of the final judgment * * *." Id. at *2-3. This holding implies that even when Civ.R. 52 findings of fact and conclusions of law are not required, the filing of a motion for them would stay the appeal time. In the case at bar, the motion was filed within the time required by Civ.R. 52.
 {¶ 11} It is axiomatic that findings of fact and conclusions of law are required by the civil rules only when the trial court is ruling on issues of fact. If no dispute exists concerning the facts, "the lower court d[oes] not commit error in overruling appellant's request for findings of fact and conclusions of law."State, ex rel. Delph v. Greenfield (1991), 71 Ohio App.3d 251. If the trial court is ruling only on a conclusion of law, therefore, Civ.R. 52 does not apply. If the facts underlying a claim for sanctions are undisputed, the analysis is purely legal and there is no need to review the trial court's factual findings.
 {¶ 12} "But if the facts under a `legally groundless claim' are in dispute, a mixed question of law and facts exists."Riston v. Butler (2002), 149 Ohio App.3d 390, ¶ 26. If the facts are in dispute, then "Civ.R. 52 confers a substantial right, is mandatory, and is not a matter within the trial court's discretion in any situation where questions of fact are tried by the court without intervention of a jury." First Nat'l Bank v.Netherton, Pike App. No. 04CA731, 2004-Ohio-7284, ¶ 10.
 {¶ 13} "`Findings of fact and conclusions of law are required because * * * when a judgment is rendered in general terms a reviewing court is not sure whether the case was decided * * * upon the erroneous application of legal principles.'" Id., quoting In re Adoption of Gibson, 23 Ohio St.3d at 172-73. If there are facts in dispute which the court does not resolve without an explanation, the appellate court is unable to make a meaningful review of the trial court's ruling, and the appellant is deprived of necessary information to prosecute his appeal.Netherton, ¶ 10.
 {¶ 14} We note that Civ.R. 11, on the one hand, requires the court to consider only an issue of law: whether the pleadings filed by counsel were frivolous. R.C. 2323.51, on the other hand, may require the court to consider issues of fact.[5] "[N]o single standard of review applies in R.C. 2323.51 cases. The inquiry necessarily must be one of mixed questions of fact and law." Wiltberger v. Davis (1996), 110 Ohio App.3d 46, 51. See also, Huntsman v. Lowery, Stark App. No. 2003CA00210, 2004-Ohio-753, ¶ 11.[6]
 {¶ 15} However, it is well settled that "a court need not issue findings of fact when its decision is based solely on conclusions of law." Brandon/Wiant Co. v. Teamor (2000),135 Ohio App.3d 417, 422. See also, City of Lorain v. Elbert (April 22, 1998), Lorain App. No. 97CA006747, 1998 Ohio App. LEXIS 1739 at *4. R.C. 2323.51, moreover, requires the court to hold a hearing on a frivolous conduct complaint. Nonetheless, the statute does not require, and no courts have required, that the court issue findings of fact and conclusions of law following an R.C. 2323.51 hearing.[7]
 {¶ 16} The opening language of the rule, referencing questions of fact determined without a jury, implies that the rule controls situations in which a jury determination would otherwise be applicable. No authority has indicated, however, that it is appropriate for a jury to determine sanctions. Nor has the employer in the case at bar presented any controlling legal authority which would require the trial court to issue findings of fact and conclusions of law upon a ruling on a motion for sanctions. We, therefore, decline to find that they are required in this situation.
 {¶ 17} Because we find no authority for extending Civ.R. 52 to apply to Civ.R. 11 and R.C. 2323.51 motions, we conclude that the trial court was not required to issue findings of facts and conclusions of law with its denial of the motion for sanctions. This appeal, therefore, was not timely filed according to the time limitations contained in Appellate Rule 4.
Dismissed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., concurs. Dyke, P.J., Concurs in JudgmentOnly.
[1] The assignments of error state:
I. THE TRIAL COURT ABUSED ITS DISCRETION BY IMPLIEDLY DENYING APPELLANT'S MOTION FOR SANCTIONS FOR FRIVOLOUS CONDUCT IN CASE NO. 01-446339, WHERE THE COURT PAPERS FILED THEREIN AND THE TESTIMONY ADDUCED AT THE HEARING UPON SUCH MOTION WERE CLEAR THAT, WITHOUT FIRST INVESTIGATING INTO THE FACTS, PLAINTIFF'S COUNSEL HAD FILED AND PURSUED FACTUALLY GROUNDLESS CLAIMS OF "INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS," NONPAYMENT OF WAGES, AND PREGNANCY DISCRIMINATION AND THAT APPELLANT HAD BEEN DAMAGED THEREBY IN AN AMOUNT EXCEEDING FORTY-SEVEN THOUSAND DOLLARS.
II. THE TRIAL COURT ABUSED ITS DISCRETION BY ARBITRARILY REFUSING TO HOLD A HEARING UPON APPELLANT'S MOTION FOR SANCTION IN CASE NO. 03-490427, WHERE APPELLANT'S MOTION THEREFOR AND SUPPORTING AFFIDAVIT, MEMORANDUM, AND EXHIBITS INCORPORATED THEREIN DEMONSTRATED THAT APPELLANT'S CLAIM FOR SANCTIONS POSSESSED ACTUAL MERIT.
III. THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION FOR SANCTIONS FOR FRIVOLOUS CONDUCT IN CASE NO. 03-490427, WHERE APPELLANT'S MOTION POSSESSED ACTUAL MERIT AND RESPONDENTS PRESENTED NO LEGALLY COGNIZABLE OPPOSITION TO SUCH MOTION, NOR JUSTIFICATION FOR, THEIR SUBJECT CONDUCT.
IV. THE TRIAL COURT COMMITTED CLEAR LEGAL ERROR BY REFUSING, UPON APPELLANT'S TIMELY AND PROPER REQUESTS THEREFORE, TO SET FORTH ITS FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING ITS DISPOSITIONS UPON APPELLANT'S MOTION FOR SANCTIONS, ANS FILED IN BOTH CASE NO. 01-446339 AND IN CASE NO. 03-490427.
[2] The docket in the case at bar does not reflect that any hearing was held on the motion for sanctions. The employer would be barred from appealing this issue by App.R. 4 if we found that the trial court was not required to issue findings of fact and conclusions of law.
[3] The court in Netherton concluded that Civ.R. 52 applies to motions filed under 60(B) even though it is not one of the rules mentioned in Civ.R. 52. The court held that without the requested findings of fact and conclusions of law, the trial court's ruling on a Civ.R. 60(B)was not a final appealable order.
[4] But, see, Andy Estates Development Corporation v. GermainToyota, Franklin County No. 91AP-913, 1991 Ohio App. LEXIS 710, ¶ 2-3 in which the Tenth Appellate District implied that a motion for such findings would stay the appeal time.
[5] The statute reads in pertinent part:
(2) "Frivolous conduct" means either of the following:
(a) Conduct of an inmate or other party to a civil action, * * * that satisfies any of the following:
(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.
(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.
(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.
* * * [A]t any time not more than thirty days after the entry of final judgment in a civil action or appeal, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal.
[6] But, see, Raymond v. Shaker Produce, Inc., Cuyahoga App. Nos. 84885 and 85391, 2005-Ohio-670 ¶ 32, which held that the issue of attorney fees under R.C. 4123.512(F) did not require findings of fact and conclusions of law. This court explained:
Appellant requested findings of fact and conclusions of law in the trial court as to both its finding that appellee was entitled to worker's compensation benefits and as to its grant of appellee's motion for legal fees. Because the trial court took the case from the jury and directed a verdict in Raymond's favor, findings of fact and conclusions of law were not mandatory. Thetrial court was also not required to issue findings andconclusions upon appellee's motion for legal fees because Civ.R.52 specifically states that they are "unnecessary upon all othermotions," which would include a motion for attorney's fees.
(Emphasis added.)
[7] We note that "the Supreme Court of Ohio has held that Civ.R. 52 does not obligate the trial court to make findings of fact and conclusions of law in contempt proceedings. See Stateex rel. Ventrone v. Birkel (1981), 65 Ohio St.2d 10, 12,417 N.E.2d 1249. See, also, Miller v. Barker (1989),64 Ohio App.3d 649, 653, 582 N.E.2d 647; Jackson Township v. Stickles (March 21, 1996), Franklin App. No. 95APC09-1264, unreported (1996 Opinions 1029)."