[Cite as *Stafford & Stafford Co., L.P.A. v. Steele*, 2013-Ohio-4042.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99554**

## STAFFORD & STAFFORD CO., L.P.A.

PLAINTIFF-APPELLEE

vs.

## ROBERT J. STEELE, M.D.

DEFENDANT-APPELLANT

**JUDGMENT:**
DISMISSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-552432

**BEFORE:** Rocco, J., Boyle, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 19, 2013

**ATTORNEY FOR APPELLANT**

Joseph B. Rose, III
Law Office of Joseph B. Rose
75 Public Square
Suite 800
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Elliott S. Barrat
33255 Bainbridge Road
Cleveland, Ohio 44139

Gregory J. Moore
Stafford Law Co., L.P.A.
55 Erieview Plaza, 5th Floor
Cleveland, Ohio 44114

KENNETH A. ROCCO, J.:

{¶1} Defendant-appellant Robert J. Steele, M.D., appeals from two trial court orders, i.e., one that denied his Civ.R. 60(B) motion for relief from the 2005 default judgment entered against him in favor of plaintiff-appellee Stafford & Stafford Co., L.P.A., and another that denied his Civ.R. 52 motion for findings of fact and conclusions of law with respect to the first order.

{¶2} Steele presents two assignments of error. He argues that the trial court abused its discretion in denying his Civ.R. 60(B) motion. He also argues that the trial court ignored its mandatory duty when it denied his Civ.R. 52 motion.

{¶3} Because Steele's notice of appeal in this case was untimely from the order that denied his Civ.R. 60(B) motion, this court lacks jurisdiction to address Steele's first assignment of error. Moreover, because the trial court had no duty to issue findings of fact and conclusions of law regarding its decision to deny Steele's Civ.R. 60(B) motion, his subsequently-filed Civ.R. 52 motion did not serve to make his appeal timely, and, therefore, this court also lacks jurisdiction to consider Steele's second assignment of error. Consequently, this appeal is dismissed.

{¶4} A review of the facts serves to explain this court's decision. According to the App.R. 9(A) record, on January 19, 2005, Stafford & Stafford filed this action against Steele for his nonpayment of legal fees incurred during his divorce, which lasted nearly five years. After Stafford & Stafford obtained service on Steele, he failed to file an answer.

{¶5} Stafford & Stafford eventually sought a default judgment in the action. The trial court set the matter for a hearing and provided notice to Steele of the hearing, together with the notice that if he failed to appear, "judgment may be rendered against [him]." The record reflects Steele made no appearance. Thus, on August 23, 2005, following the hearing, the trial court granted a default judgment to Stafford & Stafford against him in the amount of $24,612.21.

{¶6} On May 2, 2012, nearly seven years later, Steele filed a motion for relief from the default judgment. Steele asserted that: (1) he had never been properly served, therefore, he received notice of neither the action nor the default judgment hearing; (2) he had paid his legal fees to Stafford & Stafford "in full"; and (3) he was "first made aware" of the case "on or about April 16, 2012 by way of a Notice of Court Proceeding to Collect Debt" that was "sent" to him by Stafford & Stafford. Steele supported his motion with his affidavit.

{¶7} Stafford & Stafford filed a brief in opposition. Although the record reflects that the trial court set the matter for an oral hearing to be held on August 21, 2012, the record contains no indication that the hearing went forward.

{¶8} On December 31, 2012, the trial court issued an order that denied Steele's Civ.R. 60(B) motion.

{¶9} On January 7, 2013, Steele filed a motion requesting the trial court to issue findings of fact and conclusions of law with respect to the foregoing order.

{¶10} On January 25, 2013, the trial court denied Steele's motion for findings of

fact and conclusions of law.

**{¶11}** On February 21, 2013, Steele filed his notice of appeal in this court, stating

his appeal was from the orders of December 31, 2012 and January 25, 2013.

**{¶12}** Steele presents the following two assignments of error.

> **I.   The trial court erred in denying Defendant's motion for relief from judgment pursuant to Civ.R. 60(B).**

> **II.   The trial court erred in denying Defendant's motion for findings of fact and conclusions of law pursuant to Civ.R. 52.**

**{¶13}** Steele argues that neither of the trial court's orders was appropriate.   This

court, however, lacks jurisdiction to consider his arguments.

**{¶14}** App.R. 4 states in pertinent part as follows:

(A) Time for appeal.

A party *shall file the notice of appeal* required by App.R. 3 *within thirty days of the later of entry of the judgment or order appealed* or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure.

(B) Exceptions.

The following are exceptions to the appeal time period in division (A) of this rule:

* * *

(2) Civil or juvenile post-judgment motion.

 In a civil case * * * , if a party files any of the following, if timely *and appropriate*:

* * *

(d) a request for findings of fact and conclusions of law under Civ.R. 52,

\* \* \*

then the time for filing a notice of appeal from the judgment or final order in question begins to run as to all parties when the trial court enters an order resolving the last of these post-judgment filings.

**{¶15}** Pursuant to the foregoing rule and R.C. 2505.02, this court has jurisdiction to consider only appeals that are timely filed from a final judgment. Motions for findings of fact and conclusions of law are governed by Civ.R. 52, which states in pertinent part:

> When questions of *fact* are *tried by the court without a jury*, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise *before the entry of judgment* pursuant to Civ.R. 58, *or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later*, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law.

> \*\*\*

> Findings of fact and conclusions of law required by this rule and by Rule 41(B)(2) *are unnecessary upon all other motions* including those pursuant to Rule 12, Rule 55 and Rule 56. (Emphasis added.)

**{¶16}** The question thus becomes whether, in this case, a Civ.R. 52 motion for findings of fact and conclusions of law was "appropriate" so as to toll the time requirements of App.R. 4(A). To answer that question, a similar factual situation as that presented in this case was considered by this court in *Clemens v. Detail at Retail, Inc.*, 8th Dist. Cuyahoga Nos. 85681 and 86252, 2006-Ohio-695, which made the following observations at ¶ 7:

> Civ.R. 52 does not mandate findings on all motions. The rule is self-limiting in its application: for example, the rule expressly exempts motions pursuant to Rules 12, 55, and 56. It also exempts all other motions, that is, *all motions* except for those filed under Rule 41(B)(2) and those that *meet the circumstances specified* in the first section of the rule. (Emphasis added.)

**{¶17}** This court went on to state in *Clemens,* at ¶ 16:

The opening language of [Civ.R. 52], referencing questions of fact determined without a jury, implies that the rule controls situations in which a jury determination would otherwise be applicable.

**{¶18}** This court has never held that Civ.R. 60(B) motions present a situation in which a "jury determination" would be applicable. In *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 316 N.E.2d 469 (8th Dist.1974), at paragraph three of the syllabus, this court set forth the trial court's role when presented with a Civ.R. 60(B) motion as follows:

> A person filing a motion for relief from judgment under Civil Rule 60(B) * * * has the burden of proving that he is entitled [either] to the relief requested or to a hearing on the motion. It is *discretionary with the trial court whether the motion will be granted* and in the absence of a clear showing of abuse of discretion the decision of the trial court will not be disturbed on appeal. (Emphasis added.)

**{¶19}** As an advisory aside, *Adomeit* stated at 103-105:

> The Rules of Civil Procedure *do not require the trial court to set forth its reasons for either granting or denying the motion*, but it is *good practice* if a trial court would make findings of fact and conclusions of law and set forth its reasons for either granting or denying motions for relief from judgment. In this manner, if an appeal is taken from the trial court's ruling on the motion, a reviewing court will have before it all the factual material submitted by the parties and the trial court's decision and its reasons. A reviewing court will then be able to objectively determine if a trial court *abused its discretion* in *either granting or denying the motion for relief from judgment*. (Emphasis added.)

**{¶20}** Based on the foregoing, this court does not permit an appellant to make an "end run" around App.R. 4(A) by filing an inappropriate Civ.R. 52 motion. The court in *Home S. & L. Co., Youngstown, Ohio v. Avery Place, L.L.C.*, 5th Dist. Delaware No. 11 CA 02 0014, 2011-Ohio-4525, ¶ 27-31 *discretionary appeal not allowed, Home S. & L. Co. v. Avery Place, L.L.C.*, 131 Ohio St.3d 1436, 2012-Ohio-331, 960 N.E.2d 985, however, recently noted:

> There is a disagreement among courts as to whether Civ.R. 52 applies to Civ.R. 60(B) proceedings. "Civ.R. 52 confers a right, is mandatory, and is *not a matter within*

*the trial court's discretion* in any situation where questions of fact are tried by the court without intervention of a jury." *First National Bank v. Netherton*, Pike App. No. 04CA731, 2004 Ohio 7284, ¶10 * * * .

However, Civ.R. 52 provides that findings of fact and conclusions of law are "unnecessary upon all other motions, including those pertaining to Rule 12, Rule 55 and Rule 56." Some courts have interpreted the language, "unnecessary upon all other motions" to mean that Civ.R. 52 is not applicable to Civ.R. 60(B) motions. *First National Bank*, supra at ¶11 citing *Blankenship v. Honda/Isuzu* (Mar. 27, 1987), Portage App. No. 1669, 1987 Ohio App. LEXIS 6358; see, also, *In the Matter of the Adoption of Beekman* (Sept. 11, 1991), Scioto App. No. 90CA1883.

This Court held in *Muirloch Realty, Inc. v. Ashpole* (Aug. 25, 1995), Delaware App. No. 94 CA-E-04-010, 1995 Ohio App. LEXIS 4221, that "[t]here is no requirement that the trial court issue findings of fact and conclusions of law or otherwise explain its reasons for its disposition of a Civ.R. 60(B) motion. See Civ.R. 52 and *Neubauer v. Kender* (1986), 32 Ohio App.3d 49, 513 N.E.2d 1359." * * * See [also,] *Briggs v. Deters* (June 25, 1997), Hamilton App. No. C-961068, 1997 Ohio App. LEXIS 2724 (concluding that the 'unnecessary upon all other motions' includes Civ.R. 60(B) motions) * * * .

* * *

* * * In this case, the trial court * * * "did not * * * " hold an evidentiary hearing to resolve the motion * * *.

**{¶21}** Respectfully, this court finds the decision in *First Natl. Bank v. Netherton*, 4th Dist. Pike No. 04CA731, 2004-Ohio-7284, to be unpersuasive on the issue of whether Civ.R. 52 applies to Civ.R. 60(B) motions, because we previously have held that trial courts are not *required* to conduct oral hearings on Civ.R. 60(B) motions unless they have "abused their discretion" in failing to do so. *Apple v. Dimons, Inc.*, 8th Dist. Cuyahoga No. 79482, 2002-Ohio-3241; *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 316 N.E.2d 469 (8th Dist.1974).

**{¶22}** Other appellate districts have agreed with this court's approach. *See, e.g., CitiMortgage, Inc. v. Dudek*, 9th Dist. Summit No. 25806, 2012-Ohio-899, ¶ 10 *discretionary appeal not allowed, Citimortgage, Inc. v. Dudek*, 132 Ohio St. 3d 1463,

2012-Ohio-3054, 969 N.E.2d 1231 (no error in trial court's denial of a Civ.R. 60(B) motion without explanation; trial court not required to provide findings of fact and conclusions of law); *see also Monus v. Day*, 7th Dist. Mahoning No. 10 MA 70, 2011-Ohio-6219, ¶ 39 (even if appellant had requested findings of fact and conclusions of law, findings and conclusions are not required in ruling on 60(B) motions because the determination of such motion does not depend on the court "trying" facts as that term is understood in the ordinary sense of a *trial without a jury*).

{¶23} This court declines to find that it is "appropriate" for a jury to determine whether a party is entitled to relief from a final judgment, especially when it has held that a motion for relief from judgment, itself, cannot be used as a substitute for a timely appeal. *Bosco v. Euclid*, 38 Ohio App. 2d 40, 311 N.E.2d 870 (8th Dist.1974). To paraphrase *Clemens v. Detail at Retail, Inc.*, 8th Dist. Nos. 85681 and 86252, 2006-Ohio-695, at ¶ 17, because this court finds no persuasive authority for extending Civ.R. 52 to apply to Civ.R. 60(B) motions, the trial court was not required to issue findings of facts and conclusions of law in this case.

{¶24} Based upon the foregoing analysis, the trial court's order that denied Steele's Civ.R. 60(B) motion was a final order, and Steele's subsequent request for findings of fact and conclusions of law did not serve to toll Steele's time to appeal that order. Moreover, the trial court's order that denied his request for findings of fact and conclusions of law did not, in itself, constitute an appealable order. R.C. 2505.02(B); *State ex rel. Papp v. James*, 69 Ohio St.3d 373, 378, 632 N.E.2d 889 (1994) (under Civ.R.

52, findings of fact and conclusions of law are required only for "judgments" after actions "tried to the court"); *see also Children's Hosp. v. Paluch*, 9th Dist. Summit No. 26189, 2012-Ohio-4137, ¶ 43 (Dickinson, J., concurring in part and dissenting in part: although appellant filed his notice of appeal within 30 days of the trial court's entry denying his motion for findings of fact and conclusions of law, no appeal lay from that order, because the denial of such a motion, deemed "unnecessary" by the Civil Rules, did not affect a substantial right and was not, therefore, a "final order" under R.C. 2505.02(B)).

**{¶25}** This appeal, therefore, was not filed according to the time limitations contained in App.R. 4. Accordingly, this court lacks jurisdiction to consider this appeal and it is dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

EILEEN A. GALLAGHER, J., CONCURS;
MARY J. BOYLE, P.J., DISSENTS
(SEE ATTACHED OPINION)

MARY J. BOYLE, P.J., DISSENTING:

**{¶26}** I respectfully dissent.

**{¶27}** The issue in this case is whether Civ.R. 52 applies to Civ.R. 60(B). If it does, then Steele's Civ.R. 52 motion for findings of fact and conclusions of law would toll his time to file his appeal under App.R. 4(B)(2)(d). I would find that Civ.R. 52 does apply here and would toll Steele's time to appeal.

**{¶28}** Unlike the majority, it is my view that *First Natl. Bank v. Netherton*, 4th Dist. Pike No. 04CA731, 2004-Ohio-7284, is persuasive. In *Netherton*, the court held that "when a trial court must resolve disputed factual issues to reach a decision on a Civ.R. 60(B) motion and when the movant timely requests Civ.R. 52 findings of fact and conclusions of law, the court must issue Civ.R. 52 findings of fact and conclusions of law." *Id.* at ¶ 16. I agree with the Fourth District's rationale.

**{¶29}** After reviewing the record in this case, it is my view that because the trial court had to resolve disputed factual issues to reach a decision on Steele's Civ.R. 60(B) motion and because Steele timely filed a request for Civ.R. 52 findings of fact and conclusions of law, the lower court should have issued findings of fact and conclusions of law. This would have tolled Steele's time to appeal under App.R. 4(B)(2)(d).

**{¶30}** Thus, I disagree that this court should dismiss Steele's appeal.